### John W. Merrill et al. v. Clifford D. Merrill.

1. INSTRUCTIONS—*Signaling Out One Prominent Fact and Ignoring Others.*—An instruction which calls repeated attention to a prominent fact upon which fraud is predicated—the relationship of the parties, and ignores another important point incident to such relation, is misleading.

2. SAME—*That No Presumption Arises from Relationship of Parties to Alleged Fraudulent Sales.*—An instruction which tells the jury that there is no presumption of law from the relationship of the parties to an alleged fraudulent sale, is misleading, when, if considered together with other facts proven in the case, not alluded to in the instructions, the circumstances of the relationship of the parties might have been of controlling importance.

3. SAME—*That the Father and Son, in Their Dealings with Each*

*Other, Are upon Precisely the Same Footing as Persons Who Are Strangers.*—An instruction that the father and son, in their dealings with each other, are precisely upon the same footing as persons who are strangers, and that the same presumptions of honesty and fair dealing applies to them as to other persons, is erroneous. This is a question of fact for the jury.

Trespass, for taking and selling a stock of goods upon an execution. Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 1, 1902.

HENRY W. WOLSELEY, attorney for appellants.

TENNEY, McCONNELL, COFFEEN & HARDING and O. H. WYLIE, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was an action of trespass against appellant Merrill, together with Timothy Ross, sheriff of Ford county, for taking and selling a stock of goods upon an execution against Louis Merrill. The recovery was for $4,604.08, and to reverse the judgment this appeal is brought. Louis Merrill, the father of appellee, kept a general store at Cabery, in Ford county, and was largely indebted to his brother, John W. Merrill, and to other persons, greatly in excess of his apparent assets. He sold his stock of goods to his son, the appellee, for $4,000, and in payment took his four notes of $1,000 each, due in one, two, three and four years respectively. Appellee took possession of the property and proceeded to conduct the business of the general store, and did for a time, until, upon learning of the sale, appellant Merrill took judgment upon his notes against Louis Merrill, levied upon and sold the stock of goods as the property of Louis Merrill, insisting the sale to the son, appellee, was fraudulent, and designed to hinder and delay the creditors of the father, and this was the chief issue of fact in the trial court.

Appellee knew of some of his father's debts, and from all the circumstances, and his association with the father, it is a fair inference that he knew his father was greatly involved

in debts that he was unable to pay, and this, coupled with the giving of the notes as stated, operated, it is insisted, as a fraud upon the father's creditors—if not in fact, at least in law. The sale as it was made, hindered the creditors of the father, and put the proceeds of the sale out of their reach, and, whether fraudulent or not, that at least was a question requiring accuracy of instructions to the jury in order that they might not be misled in the determination of the vital issue of the case. Among others, the court gave the following instructions at the instance of the plaintiff:

"3. The law presumes that men act and intend to act, in their business dealings, fairly and honestly, and without any intention of defrauding others; and therefore, one who charges that a transaction has been entered into with fraudulent or corrupt motives must establish his charge by a preponderance of the evidence.

4. The law does not forbid relatives from dealing with each other, but on the contrary they have the same right to buy from and sell to each other as other persons have, and a sale can not be held to be fraudulent merely because it was made from a father to a son, or between other relatives; and the same presumption of honesty and fair dealing applies to such a sale as to transactions between other persons, until it is overcome by a preponderance of evidence tending to show that a fraud was intended or committed.

5. The fact that Clifford Merrill is the son of Louis Merrill, from whom he purchased the goods in controversy, of itself, does not show that the sale was a fraudulent one, nor of itself raise any presumption against either the good faith of the parties or the validity of the sale. And before the sale can be impeached there must be other evidence from which, in connection with all the facts and circumstances in the case, you believe that the purpose of the sale was to hinder, delay or defraud creditors."

By these instructions the court repeatedly impressed upon the minds of the jury, as the law applicable to this case, that the law presumes that men act and intend to act honestly, without intent to defraud, and this presumption of honesty applies to the sale from the father to the son in this case, and that the relationship of the parties does not raise any presumption against the good faith of the parties

or the validity of the sale.    These instructions, as applied to
the vital issue in this case, are misleading; if for no other rea-
son, because they call repeated attention to a prominent fact
upon which fraud is predicated—the relationship of the par-
ties, and ignore another important point incident to such
relation, which, it was insisted, appeared on the trial—the
knowledge of the son of the father's embarrassed circum-
stances, and that the sure effect of giving notes on time,
as they were, would remove all the father's assets beyond
the reach of his creditors.    Whether the sale was entered
into at the time with fraudulent or corrupt motives, as for
the purpose of hindering and delaying the creditors of the
father, was a fact to be determined by the jury from all
the evidence in the case, including the relationship of the
parties and all its surrounding circumstances, and it was
misleading and prejudicial for the court to call the atten-
tion of the jury repeatedly, as it did, to the single fact of
relationship, and say, as a matter of law, that no presump-
tion arises from that fact, when, if considered together
with other facts proven in the case, not alluded to in the
instructions, the circumstance of the relationship of the
parties might have been of controlling importance.    The
instructions also put the father and son, in their dealings
with each other, precisely upon the same footing as per-
sons who are strangers, when the jury are told that the
same presumptions of honesty and fair dealings applies to
them as to other persons.    This was a question of fact,
also, for the jury to decide from all the evidence in the
case.    It has been said in Second National Bank v. Gilbert,
174 Ill. 485, that where the parties to a transfer are near
relations, clearer and more convincing proof is required of
the good faith of the transaction, than when they are
strangers.    In Martin v. Duncan, 156 Ill. 280, an instruction
was asked to the effect, that while it is not unlawful for
brothers to deal with each other, yet where the parties to a
transfer are near relatives, clearer and more convincing
proof is required of the good faith of the transaction, than
when they are strangers; and it was said there was no good

reason why the instruction should not have been given. If such an instruction is proper, as the Supreme Court say it is, it follows that those given in this case in opposition to its principle, are erroneous. It is, however, sufficient for us to say, that in our opinion the question whether the relationship of the parties, together with all the other evidence, was sufficient proof of fraud, was for the jury to decide, and that it was error to recite in the instructions, as was done, the single fact of such relationship, disconnected from the other facts, and say that no presumption arose from it. If such fact was duly considered by the jury, and given its proper weight in view of the other facts proved, that alone might have turned the scale and brought the verdict differently, while, as we think, the instruction led the jury to consider the relationship of the parties as an isolated fact merely. In view of the unsatisfactory state of the evidence to support the verdict, we believe the jury was misled by the instructions.

For the reasons we have given, the judgment of the Circuit Court will be reversed and the cause remanded for a new trial.